■ ROBERT VALENTINE, Appellant, v. MARIAN DE MASO et al., Respondents. —In this action for a declaratory judgment with respect to the title to certain real property situate in Westchester County, plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County, dated March 5, 1973, as, upon reargument, adhered to the original determination granting a motion by defendants De Maso and St. George, as embodied in an order of the same court dated January 4, 1973 (superseded by the order granting reargument), for summary judgment dismissing the complaint as to them. Order dated March 5, 1973 reversed insofar as appealed from, with $20 costs and disbursements against respondents De Maso and St. George; motion of said defendants denied; and plaintiff is granted leave to amend his complaint to allege continuous adverse possession for the applicable period of time. The amended complaint must be served within 20 days after entry of the order to be made hereon. In our opinion, issues of fact were presented as to whether the actions of plaintiff's predecessor in title, Thomas W. Ackerly, after erecting the fence, evidenced his adverse possession of the disputed parcel of land, which therefore precluded the granting of the motion for summary judgment. Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.

■ CONSTANCE WILLIAMS et al., Individually and on Behalf of All Those Similarly Situated, Appellants, v. FAIR HOUSING DEVELOPMENT FUND CORPORATION, Respondent.—In this proceeding pursuant to article 78 of the CPLR, petitioners appeal from an order of the Supreme Court, Nassau County, dated July 2, 1973, which dismissed the petition without a hearing. Order reversed, on the law, without costs, and proceeding remanded to Special Term for a hearing and a determination as to whether the specific relief requested by petitioners should be granted. The four petitioners, on behalf of themselves and others similarly situated, instituted this proceeding as a class action inter alia to review (1) respondent's policy with regard to tenant selection in a certain housing project sponsored by it and (2) respondent's rejection of petitioner' applications for accommodations therein. Although Special Term was correct in holding that petitioners may not proceed as a class (Gaynor v. Rockefeller, 15 N Y 2d 120), the petition sufficiently states individual grievances which are the proper subject of an article 78 proceeding. Petitioners, among other things, claim they have been denied their statutory "preference" and allege that respondent failed to properly apprise them of the reason for their rejection. Since petitioners have been displaced from their dwellings and their applications for accommodations in this housing project were rejected, this matter should proceed to determine whether the specific relief requested by the individual petitioners should be granted. Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.